02-11-108-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00108-CV

 

 


 
 
 Ken Murphy and Scott Toornburg, in his Official
 Capacity as Representative of the Estate of Deanna Kay Murphy
 
 
  
 
 
 APPELLANTS
 
 
 
 
  
 V.
  
 
 
 
 
 Ed Gutierrez, Individually and d/b/a J.E. & Associates
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM THE 431st
District COURT OF Denton COUNTY

----------

OPINION

----------

I.  Introduction

Appellants
Ken Murphy and Scott Toornburg, in his official capacity as representative of
the estate of Deanna Kay Murphy (together, “the Murphys”), appeal the trial
court’s order dismissing their suit against appellee Ed Gutierrez, individually
and d/b/a J.E. & Associates.  In two issues, the Murphys contend that the
trial court abused its discretion by dismissing their claims against Gutierrez
because (1) Gutierrez waived his right to file for dismissal under the
applicable statute to this case and (2) because the Murphys promptly cured
their failure to file an accompanying certificate of merit with their original
petition in accordance with that same statute.  Because we hold that Gutierrez substantially
invoked the judicial process prior to filing his motion to dismiss, thus waiving
his right to complain that the Murphys failed to file a certificate of merit,
we will reverse and remand.

II.  Background

Ken
and Deanna Murphy sued Classic Reflections Pools, Inc. and Gutierrez on August 3,
2007, for claims relating to the design and construction of a swimming pool at
the Murphys’ home.[1]  Neither party disputes
that the structure of the pool was designed by Gutierrez, an engineer.  And
neither party disputes that Classic constructed the pool.

On
August 20, 2007, Gutierrez filed his original answer.  Accompanying his answer,
Gutierrez filed a motion to dismiss the Murphys’ claims against him—arguing
that the Murphys had failed to file an accompanying certificate of merit with
their lawsuit pursuant to section 150.002 of the Texas Civil Practice and
Remedies Code.  See Tex. Civ. Prac. & Rem. Code Ann. § 150.002
(West 2007).  The record is unclear why, but the trial court never conducted a
hearing on Gutierrez’s motion to dismiss, nor did the trial court dismiss the
case.[2]

For
over three and one-half years, the parties litigated this case.  Specifically,
Gutierrez undertook written discovery; deposed the plaintiffs; participated in
being deposed by co-defendant and cross-plaintiff Classic; designated an expert
witness and presented him for deposition; filed traditional and no-evidence
summary judgment motions, which the trial court granted in part; objected to
the Murphys’ summary judgment evidence; and participated in post-summary
judgment mediation.  Gutierrez also entered into an agreement to extend discovery
so that Gutierrez could conduct discovery with respect to Classic’s cross-claim. 
On January 5, 2011, five days before a scheduled trial on the merits,
Gutierrez filed an amended motion to dismiss, again based on the Murphys’
failure to file a section 150.002 certificate of merit.  After holding a
hearing on Gutierrez’s reurged motion, the trial court granted the motion to
dismiss on March 7, 2011.  This appeal followed.

III.  Discussion

In
their first issue, the Murphys allege that the trial court abused its
discretion by granting Gutierrez’s motion to dismiss.  Specifically, the Murphys
allege that Gutierrez waived his right to reurge his motion to dismiss after
extensively participating in the litigation of this suit for over three and
one-half years.  Thus, the Murphys argue that the trial court should have
denied Gutierrez’s motion to dismiss.[3]

Gutierrez
counters that no Texas court has ever held that a party waived its right to
file a motion to dismiss under section 150.002.  Furthermore, Gutierrez argues
that if we hold that a party can waive the right to move for dismissal, the
“ministerial and mandatory feature” of section 150.002 “would be thwarted, and
both Trial Courts and Courts of Appeals would be littered with waiver claims
that, by their very nature, would require a case-by-case analysis, resulting in
confusing and inconsistent results.”  We agree with the Murphys that Gutierrez
so thoroughly invoked the judicial process prior to filing his motion to dismiss
that he waived his right to reurge his motion to dismiss.

A.      Standard
of Review

We
review the trial court’s order denying a motion to dismiss the suit for failure
to file an accompanying third-party affidavit of a licensed architect under an
abuse of discretion standard.  See Palladian Bldg. Co. v. Nortex Found.
Designs, Inc., 165 S.W.3d 430, 433 (Tex. App.—Fort Worth 2005, no pet.)
(applying the same abuse of discretion standard used in reviewing motions to
dismiss for failure to file expert reports in healthcare liability claims).

B.      The
Doctrine of Waiver

Waiver
is an intentional relinquishment of a known right or intentional conduct
inconsistent with claiming that right.  See Palladian, 165 S.W.3d at 434;
see also Jernigan v. Langley, 111 S.W.3d 153, 156 (Tex. 2003); Sun
Exploration & Prod. Co. v. Benton, 728 S.W.2d 35, 37 (Tex. 1987). 
Although waiver is ordinarily a question of fact, when the facts and
circumstances are admitted or clearly established, the question becomes one of
law.  Motor Vehicle Bd. v. El Paso Indep. Auto. Dealers Ass’n, Inc.,
1 S.W.3d 108, 111 (Tex. 1999).  There can be no waiver of a right if the person
sought to be charged with waiver says or does nothing inconsistent with intent
to rely upon such right.  Jernigan, 111 S.W.3d at 156; Maryland Cas.
Co. v. Palestine Fashions, Inc., 402 S.W.2d 883, 888 (Tex. 1966).

C.      Waiver
and Section 150.002

The
governing statute in this case is the version of section 150.002 of the Texas
Civil Practice and Remedies Code that was in effect when this suit was brought
in August 2007.  Compare Tex. Civ. Prac. & Rem. Code Ann. § 150.002
with Act of May 18, 2005, 79th Leg., R.S., ch. 208, § 2, 2005
Tex. Gen. Laws 369, 370 (formerly codified at Tex. Civ. Prac. & Rem. Code § 150.002,
amended 2009); Act of May 12, 2005, 79th Leg., R.S., ch. 189, §§ 1–2,
2005 Tex. Gen. Laws 348, 348 (formerly codified at Tex. Civ. Prac. & Rem.
Code § 150.002, amended 2009).  Chapter 150 applies to “any action or
arbitration proceeding for damages arising out of the provision of
professional services” by a licensed engineering firm.  Tex. Gen. Laws at 348,
370 (formerly codified at Tex. Civ. Prac. & Rem. Code § 150.002).  The
plaintiff in such an action is required to file a particular kind of affidavit,
referred to as a “certificate of merit,” contemporaneously with the complaint
or, under certain specified conditions, within thirty days after the
complaint.  Id.  The certificate of merit required by the statute is an
affidavit from a third-party professional who holds the same license as the
defendant.  Id.  At issue in this case is whether a party may waive its
right to file a motion to dismiss under this chapter and, if so, what actions
by a defendant constitute waiver.  See Consol. Reinforcement, L.P. v.
Carothers Exec. Homes, Ltd., 271 S.W.3d 887, 890 n.5 (Tex. App.—Austin
2008, no pet.) (discussing waiver doctrine and section 150.002 motions to
dismiss), overruled on other grounds by S & P Consulting Eng’rs
v. Baker, 334 S.W.3d 390, 399–400 (Tex. App.—Austin 2011, no pet.).

A
number of Texas courts of appeals have addressed the concept of waiver regarding
whether a defendant can invoke the judicial process to such a degree that an
opposing party can forfeit its right to seek dismissal under section 150.002.  Palladian,
165 S.W.3d at 434–35 (analyzing waiver doctrine and section 150.002 but holding
that evidence did not support a finding of waiver); Ustanik v. Nortex Found.
Designs, Inc., 320 S.W.3d 409, 413 (Tex. App.—Waco 2010, pet. denied)
(same); DLB Architects, P.C. v. Weaver, 305 S.W.3d 407, 411 (Tex.
App.—Dallas 2010, pet. denied) (same); Landreth v. Las Brisas Council of Co-Owners,
Inc., 285 S.W.3d 492, 500–01 (Tex. App.—Corpus Christi 2009, no pet.)
(same).  Each of these cases from intermediate courts of appeals in Texas,
although discussing the application of waiver in this context, have all held
that the defendants involved in those cases had not waived their rights to rely
on section 150.002’s dismissal provision.  See, e.g., Palladian, 165
S.W.3d at 434–35; but see Pro Plus, Inc. v. Crosstex Energy Servs., L.P.,
--- S.W.3d ---, No. 01-11-00025-CV, 2012 WL 404500, at *18 (Tex. App.—Houston
[1st Dist.] Feb. 9, 2012, no pet.) (Keyes, J., dissenting) (disagreeing
with the majority’s position that “the Certificate of Merit Statute does not
grant the trial court discretion to completely waive the requirement; rather,
it mandates dismissal, on the defendant’s motion, of any claims for which a
certificate is required and not produced”).  And the majority holdings from
these cases are predicated on the conclusions that there existed insufficient evidence
to demonstrate waiver.  See, e.g., Ustanik, 320 S.W.3d at 414; Landreth,
285 S.W.3d at 500–01.  These cases, however, ostensibly stand for the
proposition that a defendant can waive his right to seek dismissal under section
150.002.  Landreth, 285 S.W.3d at 500–01.

For
example, in this court’s decision in Palladian, we held that the trial
court did not abuse its discretion by dismissing Palladian’s suit against
Nortex for failure to file the affidavit required by section 150.002.  Palladian,
165 S.W.3d at 434–35.  In coming to that conclusion, this court analyzed
whether Nortex had substantially invoked the judicial process and therefore
waived its right to seek dismissal under section 150.002.  Id.  Despite
claims by Palladian that Nortex had responded to interrogatories, propounded
and responded to requests for production, propounded requests for disclosures,
noticed and deposed Palladian’s corporate representative, and filed multiple
motions for summary judgment, we concluded that Palladian’s claims that Nortex
had invoked the judicial process to this degree were “unsupported by documents
in the appellate record.”  Id.

Other
courts of appeals have reached similar holdings.  Ustanik, 320 S.W.3d at
414; Landreth, 285 S.W.3d at 500–01.  In Ustanik, acknowledging
that this court was the first to analyze waiver in this setting, the Waco court
of appeals also addressed the doctrine of waiver in conjunction with a motion
to dismiss pursuant to section 150.002.  320 S.W.3d at 412–14.  Similar to Palladian,
despite claims by the plaintiff that the defendant had waived its right to seek
dismissal because the defendant had waited more than two years to file its
dismissal motion; participated in discovery; designated an expert witness;
filed traditional and no-evidence motions for summary judgment; and
participated in other pretrial activities, including mediation, the Waco court
of appeals determined that “[s]ome of the claimed actions taken are not
supported by the record.”  Id.  Furthermore, the record in Ustanik
demonstrated that the trial court had never ruled on either of the defendant’s
motions for summary judgment.  Likewise, in Landreth, while
acknowledging that section 150.002 does not contain a deadline in the statute,
the Landreth court analyzed waiver and concluded that “[t]here was no
evidence in the record showing an intent to waive [defendant’s] right to
dismissal under the statute.”  Landreth, 285 S.W.3d at 501.  The Landreth
court concluded that the defendant had used discovery to determine the nature
of the case, and then once the defendant knew section 150.002 applied, promptly
moved for dismissal eight days later.  Id.

These
cases illustrate the kind of conduct that falls short of a party waiving the
right to move the court to dismiss the case for failure of the plaintiff to
file a section 150.002 certificate of merit.  But they also connote that a
party can substantially invoke the judicial process to such an extent that it
is clear the litigant is abandoning the right to dismiss the case under section
150.002.  See Landreth, 285 S.W.3d at 500 (discussing waiver in context
of section 150.002); see also Perry Homes v. Cull, 258 S.W.3d 580, 589–92
(Tex. 2008), cert. denied, 129 S. Ct. 952 (2009) (holding, in the
context of arbitration, that parties can waive their rights to move to compel
arbitration by “substantial invocation” of the judicial process).

Furthermore,
persuasion that waiver can occur even in the context of a statutory scheme
where no deadline is found in the statute and dismissal appears mandatory on
its face can also be found in Texas supreme court precedent.  Roccaforte v.
Jefferson Cnty., 341 S.W.3d 919, 923 (Tex. 2010) (J. Willett concurring); Univ.
of Tex. Sw. Med. Ctr. v. Loutzenhiser, 140 S.W.3d 351, 359–60 (Tex. 2004); Jernigan,
111 S.W.3d at 156–57.

For
example, in Jernigan, although the medical malpractice statute in
question contained no statutory deadline to file a motion to dismiss, our
supreme court reasoned that “we must decide whether [Jernigan] nevertheless
waived the right” to move for a motion to dismiss when Jernigan had invoked the
judicial process.  Jernigan, 111 S.W.3d at 156–57.  The court ultimately
determined that Jernigan had not substantially invoked the judicial
process to a degree that constituted waiver, but the court nonetheless analyzed
the issue of waiver.  Id.  Likewise, in Loutzenhiser, when analyzing
the Tort Claims Act’s mandatory six-month period for giving notice, which also
contained no deadline, the Texas supreme court stated, “The failure of a
non-jurisdictional requirement mandated by statute may result in the loss of a
claim, but that failure must be timely asserted and compliance can be
waived.”  Loutzenhiser, 140 S.W.3d at 359 (emphasis added).

Seizing
upon this precedent, Justice Willett stated in his concurring opinion in Roccaforte,
“Under [Texas supreme court] precedent, dismissal delayed is sometimes
dismissal denied,” even when the statute, “mandates strict compliance.”  Roccaforte,
341 S.W.3d at 928–30 (J. Willett concurring).  Thus, precedent from the
Supreme Court of Texas guides this court to the conclusion that waiver can occur
even when, like in this case, the statute seemingly mandates dismissal of a
claim at any time when the strictures of the statute are not complied with.  See
Tex. Civ. Prac. & Rem. Code Ann. § 150.002.

The
possibility of waiver in a section 150.002 certificate-of-merit case is also
supported by the intent behind the statute.  Indeed, one of the purposes of
section 150.002 is to provide the trial court with a vehicle to determine the
merit of claims against architects and engineers.  See Criterium–Farrell
Eng’rs v. Owens, 248 S.W.3d 395, 399 (Tex. App.—Beaumont 2008, no pet.)
(“[T]he purpose of the certificate of merit is to provide a basis for the trial
court to conclude that the plaintiff’s claims have merit.”); see generally
Michael S. Hull et al., House Bill 4 and Proposition 12:  An
Analysis with Legislative History, Part Two, 36 Tex. Tech. L. Rev. 51, 164
(2005).  As seen by the legislative history, this statute was designed both to
quickly dismiss meritless claims and to reduce litigation costs.  See
House Comm. on Civil Practices, Bill Analysis, Tex. H.B. 4, 78th Leg.,
C.S. (2003) (“In summary, [House Bill 4, including section 150.002]
provides for various corrective measures that will help . . . reduce
the costs of litigation” and “[House Bill 4] addresses many of the root
causes of the current situation:  non-meritorious lawsuits.”); see
also Senate Comm. on State Affairs, Bill Analysis, Tex. H.B. 4, 78th
Leg., C.S. (2003) ((“The authors’ stated intent is to . . . reduce
litigation costs . . . .”).

Based
on Texas supreme court precedent, our own precedent, other Texas courts of
appeals precedent, and the purpose of this statute, we conclude and hold that
when conduct by a litigant is consistent with a party who has intentionally
relinquished the known right of moving to dismiss under section 150.002, a
party can waive its right to rely on this mechanism.  See Palladian, 165
S.W.3d at 434 (analyzing the doctrine of waiver for the first time with respect
to a section 150.002 motion to dismiss); see also Jernigan, 111 S.W.3d at
156–57 (applying doctrine of waiver with respect to right to dismissal of medical
malpractice action based on claimant’s failure to comply with mandatory expert
report requirements of Medical Liability and Insurance Improvement Act where
defendant’s silence or inaction is inconsistent with intent to rely upon right
to dismissal).  Therefore, we must next determine whether Gutierrez invoked the
judicial process to such a degree that he waived the right to move for
dismissal of the Murphys’ suit under section 150.002.

D.      Gutierrez
Waived His Right to Move for Dismissal

Determining
waiver by substantial invocation of the judicial process inherently requires a
reviewing court to look to the totality of circumstances.  Perry Homes,
258 S.W.3d at 590; Jernigan, 111 S.W.3d at 156; Palladian, 165
S.W.3d at 434.  Some factors significant to the issue of whether a party waived
its right to move for dismissal under section 150.002 include, among other
factors, the moving party’s degree of participation in discovery; whether the
party sought affirmative action or judgment on the merits; and at what time
during the judicial process the party sought dismissal.  Palladian, 165
S.W.3d at 434; Ustanik, 320 S.W.3d at 414; Landreth, 285 S.W.3d
at 500–01.

1.       Participation in discovery

One
factor considered by a number of courts that have addressed waiver in the section
150.002 context is whether the defendant participated, and to what extent, in
pretrial discovery before moving for a motion to dismiss.  See Landreth,
285 S.W.3d at 500–01; see also Perry Homes, 258 S.W.3d at 593 (“How much
litigation conduct will be ‘substantial’ depends very much on the context;
three or four depositions may be all the discovery needed in one case, but
purely preliminary in another.”) (footnotes omitted).  For example, in Landreth,
the court determined that the defendants used the discovery process to
determine the exact nature of the claim brought against them and that within
eight days of discovering the nature of the claim through deposing the plaintiff’s
expert witness, the defendants filed their motion to dismiss under section 150.002. 
See Landreth, 285 S.W.3d at 500–01.  The Landreth court held that
under those circumstances “[t]here was no evidence in the record showing an
intent to waive its right to dismissal under the statute.”  Id.

In
this case, however, the record shows that Gutierrez participated extensively in
discovery.  Gutierrez noticed and took both of the Murphys’ depositions.  More
than one year after this suit was filed, Gutierrez allowed himself to be
deposed.  He participated in the deposition of one of the principals of
co-defendant and cross-plaintiff Classic.  He designated and presented for
deposition his own expert witness.  Gutierrez also propounded written discovery
to both the Murphys and Classic.  And he responded to written discovery.  It
can hardly be said that Gutierrez’s participation in discovery was “purely
preliminary.”  Perry Homes, 258 S.W.3d at 593.  Although participation
in discovery alone is not generally sufficient to demonstrate waiver, we
conclude that in this case, because Gutierrez extensively participated in
discovery, this factor leans toward indicating that Gutierrez intended to
proceed with litigating this case and waive his right to seek dismissal under section
150.002.

2.       Seeking affirmative action or judgment on the
merits

Another
factor considered by courts in determining whether a party waived its right to
pursue dismissal under section 150.002 is whether the party sought and obtained
affirmative relief from the trial court.  Landreth, 285 S.W.3d at
500–01; see also Holmes, Woods & Diggs v. Gentry, 333 S.W.3d 650, 655
(Tex. App.—Dallas 2009, no pet.) (analyzing waiver and considering whether a
party “attempted to achieve a satisfactory result through litigation before
turning to arbitration”); Nw. Constr. Co. v. Oak Partners, L.P., 248
S.W.3d 837, 848 (Tex. App.—Fort Worth 2008, pet. denied) (reasoning that
evidence of substantial invocation for purposes of waiver “include moving for
summary judgment or seeking a final resolution of the dispute”).  For example,
in Landreth the court considered whether the defendant having sought
summary judgment from the trial court constituted evidence inconsistent with
the right to file a motion to dismiss.  The Landreth court noted that
the defendant had in fact sought summary judgment, but the court also noted
that the trial court never ruled on the summary judgment motions prior to the
defendant filing its motion to dismiss.  Landreth, 285 S.W.3d at 500–01.

In
this case, not only did Gutierrez seek both traditional and no-evidence summary
judgments, the trial court granted in part his motions for summary judgment.  Thus,
Gutierrez not only attempted to “achieve a satisfactory result” by filing his
motions for summary judgment, but he allowed the trial court to rule on these
motions before ever reurging his motion to dismiss.  We conclude that this
factor weighs in favor of finding that Gutierrez intended to proceed with
litigating this case and waive his right to pursue dismissal under section 150.002. 
See Williams Indus., Inc. v. Earth Dev. Sys. Corp., 110 S.W.3d 131, 135
(Tex. App.—Houston [1st Dist.] 2003, no pet.) (reasoning that moving for
summary judgment or seeking a final resolution of the dispute is a factor that
demonstrates waiver of right to compel arbitration despite strong presumption
against waiver of arbitration).

3.       Attempts
at alternative means of dispute resolution

Although
not often analyzed regarding the waiver of the right to move for dismissal
under section 150.002, a factor we conclude weighs against Gutierrez and in
favor of finding that he intended to waive his right to seek dismissal in this
case is the fact that he participated in court-ordered mediation regarding this
case before ever reurging his motion to dismiss.  See Marble Slab Creamery,
Inc. v. Wesic, Inc., 823 S.W.2d 436, 438 (Tex. App.—Houston [14th Dist.]
1992, no writ) (reasoning that defendant waived right to compel arbitration
when, among other invocations of judicial process, trial court ordered parties
to mediation before defendant ever moved to compel arbitration); see also
First Cmty. Ins. Co. v. F-Con Contractors, Inc., No. 05-99-01088-CV, 2000
WL 274001, at *2 (Tex. App.—Dallas March 14, 2000, no pet.) (not
designated for publication) (party participating in mediation and settlement
conferences waived right to assert arbitration).  We conclude that Gutierrez’s
participation in court-ordered mediation after having sought and achieved
partial summary judgment in this case is also a factor evincing that he
intended to relinquish his right to pursue dismissal under section 150.002.

4.       When did the party seek dismissal?

Another
factor considered by courts addressing waiver, both in the context of section 150.002
and in other waiver settings, is when the party seeking the alternative to
litigation actually sought the alternative relief—in this case a section 150.002
motion to dismiss.  Landreth, 285 S.W.3d at 500–01.  For example, in Landreth
the court reasoned that it was significant to the question of whether the
defendant waived the right to seek dismissal because the defendant promptly
moved for dismissal after learning through the discovery process that section 150.002
applied.  Id.; but see In re Fleetwood Homes of Tex., L.P.,
257 S.W.3d 692, 693–695 (Tex. 2008) citing In re Vesta Ins. Group, Inc.,
192 S.W.3d 759, 764 (Tex. 2006) (“Parties that ‘conduct full discovery, file
motions going to the merits, and seek arbitration only on the eve of trial’
waive any contractual right to arbitration.”).

In
this case, after over three and one-half years of conducting discovery; filing
motions for both traditional and no-evidence summary judgment, which the trial
court granted in part; participating in court-ordered mediation; and filing
claims against co-defendant Classic, Gutierrez then reurged his motion to
dismiss only five days before trial was scheduled.  We conclude that by reurging
his motion to dismiss so late in the game and on the eve of trial, Gutierrez
evinced intent to waive the right to seek dismissal under section 150.002. 
This factor also weighs in favor of finding waiver.

5.       The factor of elapsed time

Most
cases dealing with waiver, both in the section 150.002 setting and in other
waiver settings, address how much time elapsed in the litigation process prior
to seeking the alternative relief.  See Republic Ins. Co. v. Paico
Receivables, LLC, 383 F.3d 341, 344 (5th Cir. 2004) (reasoning that a
party’s failure to assert its right to arbitrate a dispute is a relevant factor
to determine prejudice and thus waiver in arbitration context).  A review of
these cases demonstrates that even when a party waits more than two years to
seek its alternative to litigation, the time elapsed alone does not necessarily
constitute evidence of waiver.  See Ustanik, 320 S.W.3d at 413–14
(holding that delay of two years five months to file motion to dismiss did not
constitute waiver); DLB Architects, 305 S.W.3d at 411 (waiting more than
one year to file dismissal motion did not manifest intent to waive); see
also Jernigan, 111 S.W.3d at 157 (holding that physician who waited 600
days after receiving expert report to move for dismissal did not waive his
right to pursue a motion to dismiss under former version of the health care
liability statute).

But
in this case, when coupled with the other factors present—extensive discovery,
seeking affirmative action by the trial court, and participating in
court-ordered mediation—the over three and one-half years of litigation is a
fact that also tends to demonstrate that Gutierrez intended to substantially
invoke the judicial process and intended to relinquish his right to seek
dismissal under section 150.002.  Perry Homes, 258 S.W.3d at 590–91
(noting that length of time party waited to file motion to compel arbitration
and length of time and money expended in discovery are factors that demonstrate
waiver of right to compel arbitration).

6.       The totality of the factors in this case

In
this case, considering the totality of the circumstances and the factors
discussed above that show Gutierrez’s intention to litigate this case, we
conclude and hold that Gutierrez substantially invoked the judicial process and
that he waived his right to pursue dismissal of the Murphys’ claims under section
150.002.  Therefore, the trial court abused its discretion by granting
Gutierrez’s section 150.002 motion to dismiss.  We sustain the Murphys’ first
issue.

IV.  Conclusion

Having
sustained a part of the Murphys’ first issue, we need not address the remainder
of their first issue pertaining to laches.  We also need not address their
second issue.  Accordingly, we reverse the trial court’s order dismissing the
Murphys’ claims and remand the case for further proceedings consistent with
this opinion.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  July 12, 2012









[1]After the Murphys filed
suit, Deanna passed away and Toornburg, the representative of her estate, took
her place as a plaintiff in this suit.





[2]The Murphys allege in
their brief that even though they did not file a certificate of merit
contemporaneously with their original petition, they did file a certificate
shortly thereafter.  The Murphys contend that at this time Gutierrez abandoned
his motion to dismiss and cancelled the motion to dismiss hearing.  There is,
however, no evidence in the record by which we can ascertain that the Murphys’
version of why no hearing was held is correct or incorrect.





[3]As part of their first
issue, the Murphys also contend that Gutierrez is barred from moving for
dismissal under section 150.002 under the doctrine of laches.  See Caldwell
v. Barnes, 975 S.W.2d 535, 538 (Tex. 1998) (discussing elements of laches). 
Because we resolve their first issue in the Murphys’ favor, we need not address
this additional argument contained in their first issue.